IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROMERO OCHOA,

        Plaintiff

VS.

JAMES DONALD, *et al.*,   NO. 1:08-CV-120 (WLS)

        Defendants

**ORDER & RECOMMENDATION**

Plaintiff **ROMERO OCHOA**, an inmate at Autry State Prison in Pelham, Georgia, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Since filing his complaint, plaintiff has filed numerous motions with the Court, which are discussed below.

*A. Motion to Stop Forced Medication (Tab # 3, 11)*

Plaintiff alleges that he is being forced to take mental health drugs that he does not need. He seeks injunctive relief in the form of a court order directing the defendants to stop forcibly administering mental health medication to plaintiff.

A preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be averse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

At this juncture, the facts have not been sufficiently developed to determine whether there

1

is a substantial likelihood that plaintiff will ultimately prevail on the merits. Moreover, the defendants have not had an opportunity to respond to plaintiff's allegations. Accordingly, it is **RECOMMENDED** that plaintiff's motion "to stop forced medication" be **DENIED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

## *B. Motion for Appointment of Counsel (Tab # 3, 9)*

Plaintiff seeks appointment of a bilingual (Spanish/English) attorney to assist him in the instant case. This motion is premature. Until such time as responses have been made by the defendants and the Court has had an opportunity to review both the complaint and the responses thereto, a proper evaluation of the plaintiff's need for bilingual counsel cannot be made.

The Court on its own motion will consider appointing legal counsel for the plaintiff if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, at the present time, the plaintiff's motion for appointment of counsel is **DENIED**.

## *C. Motion to Consolidate (Tab # 4)*

Plaintiff appears to ask that his case be consolidated with an action that *pro se* prisoner Randall Bingham has brought in the Middle District of Georgia, civil action number 5:08-cv-246 (CAR). The Court will likewise **DENY** this motion. Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate for joint hearing or trial any or all matters at issue "[w]hen actions involving a common question of law or fact are pending before the court." Fed.R.Civ.P. 42(a). The instant lawsuit deals with forced medication, among other issues. Civil action number 5:08-cv-246 (CAR) deals with unlawful conditions at several state prisons. Although

there is commonality of some of the claims, the Court finds that consolidation is not warranted. Accordingly, the Court will not allow these two lawsuits to be consolidated into one action.

### D. *Motion to Allow Jailhouse Lawyer (Tab # 9)*

In this motion, plaintiff asks that the aforementioned Randall Bingham, a "jailhouse lawyer," be allowed to help plaintiff litigate his case. Prisoners have a right to receive legal assistance from "jailhouse lawyers" only when prison officials fail to provide reasonable alternative assistance. ***Gassler v. Rayl***, 862 F.2d 706, 707-08 (8th Cir. 1988) (citing ***Johnson v. Avery***, 393 U.S. 483, 490 (1969)). Plaintiff has not alleged that the defendants failed to provide him with reasonable alternative assistance or otherwise restricted his access to courts. His motion, therefore, is **DENIED** at this juncture.

### E. *Motion to Conduct Hearing (Tab # 10)*

In his "Motion to Conduct Hearing," plaintiff asks for a hearing and that he be present with all his witnesses. At the appropriate time, the Court will determine whether a hearing is required or desirable. If the Court so determines, the Court will schedule a hearing and without plaintiff's filing a motion. Additionally, if plaintiff's (or his witnesses') presence is necessary at any hearing, the Court will address that issue at the appropriate time. Accordingly, this motion is also **DENIED**.

### F. *Motion for Preliminary Injunction (Tab # 11)*

In this, his second motion for injunctive relief, plaintiff seeks wide-ranging injunctive relief against the defendants, including complaints about the improper examination of his legal mail and a request for a court order that prison officials keep plaintiff at Autry State Prison.

In relation to ordering prison officials to keep plaintiff at Autry, the Court is always reluctant to "involve [itself] in the administration of state prisons" and therefore, accords great deference to

3

administrative decisions regarding transfer of prisoners from one facility to another. *Freeman v. Fuller*, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985). Moreover, prisoners have no right to remain in any certain facility. *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

In relation to all of plaintiff's claims for injunctive relief in his second motion, the facts have not been sufficiently developed to determine whether there is a substantial likelihood that plaintiff will ultimately prevail on the merits. Moreover, the defendants have not had an opportunity to respond to plaintiff's allegations. Accordingly, it is **RECOMMENDED** that plaintiff's second motion for preliminary injunction be **DENIED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

## G. Motion to Proceed IFP (Tab # 1, 8)

Finally, plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiff is unable to pay the cost of commencing this action, plaintiff's application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. Plaintiff will remain responsible for the entire $350.00 even if this lawsuit is dismissed prior to service. Fees are not refundable, regardless of outcome. 28 U.S.C. § 1915(b)(1). As stated above, plaintiff is unable to pay the entire $350.00 filing fee at this time. However, plaintiff does have sufficient funds in his prison account to pay a portion of this amount. Therefore, pursuant to 28 U.S.C. § 1915(b)(1)(A), it is hereby **ORDERED** that plaintiff pay an initial partial filing fee of **$16.66** to the Clerk of this Court.

4

Plaintiff shall have thirty (30) days from the date of his receipt of this order to pay the above initial partial filing fee to the Clerk of the Court. Failure to comply with this order shall result in the dismissal of plaintiff's complaint.

**SO ORDERED AND RECOMMENDED**, this 26th day of August, 2008.

*/s/ Richard L.Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE