**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ROMERO OCHOA, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden THOMAS AMMONS, Deputy | : | |
| Wardens MARTY ALLEN, JAMES R. | : | |
| RIGSBY, Jr., and CHRIS RAILEY, | : | |
| Mental Health Counselor JOHN LEE, | : | |
| Mental Health Director RYAN TINDELL, | : | |
| Grievance Coordinator BENJIE NOBLES, | : | |
| Sergeant MIA PALMER, and GDOC | : | NO. 1:08-CV-120 (WLS) |
| Comm'r JAMES DONALD, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **ROMERO OCHOA**, an inmate at Autry State Prison ("Autry") in Pelham, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

1

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. DISCUSSION

In his original complaint (Tab # 2), memorandum in support of his complaint (Tab # 5), and amended complaint (Tab # 7), plaintiff asserts a variety of claims regarding policies and practices at Autry, where plaintiff has been confined since 2006.  Based upon plaintiff's pleadings, it is difficult for the Court to determine all the claims plaintiff raises and how each of the named defendants allegedly violated his rights.  Upon review of plaintiff's submissions, the Court nevertheless finds the following.

### A.  Forced Medication

Plaintiff alleges that in July 2008, he was forced to take mental health medication that he did

not believe was appropriate for his condition. According to plaintiff, he has been "forced with needles many times in Georgia state prisons but Autry is the worse." Plaintiff briefly mentions that he was taken to the hospital that same month due to an "overdose of forced medication."

Plaintiff appears to claim that Mental Health Director Ryan Tindell and Deputy Warden James R. Rigsby, Jr., imposed forced medication as punishment for failure of plaintiff to wax his cell floor, that Mental Health Counselor John Lee forged plaintiff's signature on mental health records relating to forced medication, and that Deputy Warden Marty Allen watched plaintiff being forcibly injected.

The Supreme Court in ***Washington v. Harper***, 494 U.S. 210 (1990), upheld a state policy providing for forcibly administering anti-psychotic drugs to inmates, based upon procedural safeguards included in the state policy. Plaintiff does not provide any detail as to the facts surrounding his alleged forced medication, including any such policy of the State of Georgia. Construing the complaint liberally in favor of the plaintiff, however, the Court will nevertheless allow this claim to go forward against Ryan Tindell, James R. Rigsby, Jr., John Lee, and Marty Allen. Moreover, because plaintiff seeks injunctive relief to stop the forced injections, the Court will also allow this claim to go forward against Warden Thomas Ammons.

### *B. Grievance System*

Plaintiff complains of irregularities in the handling of his grievances. In particular, plaintiff alleges that Chief Counselor Benjie Nobles "keeps sending the grievances back to me." According to plaintiff, Nobles "will not allow [plaintiff's] complaints or anybody else's complaint to proceed

to higher authority by giving ridiculous reasons not to allow informal grievance and stopping formal complaints by not giving formal to proceed higher."

Plaintiff's complaints that his prison grievances were not handled properly by prison officials fails to state a section 1983 claim. The Eleventh Circuit Court of Appeals has held, "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Therefore, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983.

In light of the above, it is **RECOMMENDED** that plaintiff's grievance claims be **DISMISSED** and that Chief Counselor Benjie Nobles be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### *C. Theft of Plaintiff's Property by Other Prisoners*

Plaintiff alleges that on July 14, 2008, while he was in segregation, unidentified guards gave other inmates "power of authority to pack [plaintiff's] property," and these inmates stole all of plaintiff's belongings. Because plaintiff has failed to name the specific guards allegedly responsible for the alleged theft of his property, this claim must be dismissed. Moreover, even if plaintiff had named the responsible defendants, it is not clear his allegations would be sufficient to support a

4

section 1983 claim as Georgia state law provides an adequate remedy for plaintiff's losses. *See* O.C.G.A. § 51-10-1.

In light of the above, it is **RECOMMENDED** that the instant claim be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### D. *Conditions of Confinement*

Plaintiff complains about several aspects of the conditions of his confinement at Autry. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992). The Supreme Court, however, has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim, *Hudson*, 503 U.S. at 9, and such claims require proof of "significant injury," *Porter v. Nussle*, 534 U.S. 516, 528 (2002).

### *1. Rushed Chow*

Plaintiff alleges that he is only allowed five minutes to eat at chow hall. The Court finds that plaintiff has failed to allege "extreme deprivations." Rather than his claim rising to the level of constitutional violations, plaintiff complains about standard aspects of prison life, which at most resulted in minor inconveniences to plaintiff. Plaintiff further fails to allege that he personally has suffered any injury as a result of being given only five minutes to eat. Accordingly, plaintiff's "rushed chow" claim must be **DISMISSED**. It is so **RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### *2. Failure to Separate Mentally Ill from Non-Mentally Ill Inmates*

Plaintiff complains that Autry has "no proper policy or enforcement to separate mental health and non-mentally ill within Georgia state prisons." According to plaintiff, prisoners in good mental health "raped, robbed, and exploit[ed]" mentally ill prisoners. Plaintiff does not allege that he personally suffered any injury as a result of this failure to separate. Without such an injury, plaintiff's allegations fail to give rise to a section 1983 claim. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### *3. Shared Razors*

Plaintiff complains about Autry's policy of forcing HIV-positive and non-positive inmates to share razors. Plaintiff appears to suggest that this purported policy poses an unreasonable risk of serious damage to plaintiff's future health. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). Although the Court has serious doubts as to the merits of this claim, the Court will nevertheless allow it go forward against Warden Thomas Ammons, who presumably has control over the alleged shared razor policy.

### *E. Sergeant Mia Palmer*

Without detail, plaintiff alleges that Sergeant Mia Palmer "places mental health inmates at risk of death and assault, by telling those inmates who are robbing and hurting others what inmates are giving confidential statements about them." In addition to plaintiff's failure to provide specific factual allegations regarding Palmer, plaintiff does not allege that he was personally injured by her actions.

In light of the above, it is **RECOMMENDED** that plaintiff's claims against Sergeant Mia Palmer be **DISMISSED** and that Palmer be **DISMISSED** as a defendant herein. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### *F. GDOC Commissioner James Donald*

The only allegation of GDOC Commissioner James Donald's involvement in plaintiff's claims is that Donald failed to take any corrective action after being informed, via grievances, of

plaintiff's complaints.  Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Owens v. Leavins,* 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Moreover, it does not appear that Commissioner Donald was even aware of plaintiff's grievances.

Accordingly, it is **RECOMMENDED** that plaintiff's claims against Commissioner James Donald be **DISMISSED** and that Donald be **DISMISSED** as a defendant herein.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

### *G. Deputy Warden Chris Railey*

Plaintiff makes no specific allegations as to any wrongdoing by defendant Deputy Warden Chris Railey.  It is unclear, therefore, what role he played in violating plaintiff's constitutional rights.  As such, it is **RECOMMENDED** that Railey be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served with a copy of this order.

### *H. Other Allegations*

The Court has considered plaintiff's other allegations, many of which relate to "all prisoners" as opposed to plaintiff specifically, and finds them to be frivolous.

### III. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's forced medication and shared

razor claims against defendants Ryan Tindell, James R. Rigsby, Jr., John Lee, Marty Allen, and Thomas Ammons be served on said defendants. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 4th day of December, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE