IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROMERO OCHOA, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 08-CV-120 (WLS) |
| WARDEN THOMAS AMMONS, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

The Plaintiff filed this action in August 2008, challenging certain conditions of his confinement at Autry State Prison. (Doc. 2). Since filing a response to three Defendants' Motion to Strike on February 3, 2010, the Plaintiff has taken no action in this matter and has had no contact with the Court. (Doc. 61). Defendants Ammons, Allen and Rigsby filed a Motion to Dismiss for Lack of Prosecution on September 3, 2010, and the Court issued an Order on September 14, 2010 notifying the Plaintiff of the pendency of this motion and directing him to respond thereto. (Docs. 65, 66). Plaintiff's service copy of this September 14, 2010 Order has been returned to the Clerk of Court as undeliverable, marked as "released". (Doc. 67).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff.  One year has passed since the Plaintiff's last contact with the Court, when Plaintiff filed a response to Defendants Ammons, Allen and Rigsby's Motion to Strike. (Doc. 61).  Plaintiff has failed to respond to these Defendants' most recent Motion to Dismiss (Doc. 65) as directed.  Additionally, mail sent to Plaintiff's last known address has been returned to the Court as undeliverable, evidencing the Plaintiff's failure to keep the Court informed as to his current address as directed.

The Court finds that lesser sanctions will not suffice.  Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in the last year, has failed to respond to three of the Defendants' most recent Motion to Dismiss, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address, it is the recommendation of the undersigned that Defendants Ammons, Allen and Rigsby's Motion to Dismiss be **GRANTED,** and that this action be **DISMISSED** as to all Defendants.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 2nd  day of February, 2011.

s/ ***THOMAS Q.  LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb